Case 05-49131-dml7 Doc 386 Filed 01/09/08 Entered 01/09/08 13:37:11 Page 1 of 6



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed January 9, 2008             **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE: §
    §
MARK STEVEN STEWART AND §
JENNIFER BAREFIELD STEWART, §
       Debtors. § CASE NO. 05-49131-DML-11
    §

## MEMORANDUM OPINION

Before the court is the First Amended Motion of Public Workers' Compensation Program for Allowance of Administrative Claim (the "Motion") filed by the Public Workers' Compensation Program (the "PWCP"). Shawn K. Brown, trustee (the "Trustee"), filed a response and brief in opposition to the Motion and Debtor Mark Stewart[1] filed a response to the Motion. The court held a hearing on the Motion on December 19, 2007, at which time it received exhibits into evidence and heard argument from the PWCP and the Trustee.

---

[1] As related below, Mark Stewart ("Debtor" or "Stewart") is deceased, so Debtor's response was in fact on behalf of his personal estate.

MEMORANDUM OPINION – Page 1

This matter is subject to the court's core jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). This memorandum opinion embodies the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052 and 9014.

## I. Background

Stewart was an attorney with a civil trial (principally personal injury) practice, which he conducted at all times pertinent to this matter through the Law Offices of Mark S. Stewart & Associates, P.C. (the "Firm"). On September 9, 2005, Stewart commenced this case under chapter 11 of the Bankruptcy Code (the "Code").[2] The Trustee was appointed on Debtors' motion pursuant to an order of March 16, 2006, directing the United States Trustee to appoint a trustee.

On April 16, 2007, Stewart took his own life, and on April 24, 2007, this case was converted to chapter 7. On May 3, 2007, the Trustee, as owner of its stock, filed a chapter 7 petition for the Firm.

In the order directing appointment of a trustee, the court provided:

> [T]he Chapter 11 Trustee shall not have the authority to operate the Debtors' business, the [Firm] . . . or to review the privileged client files of the [Firm], nor shall the . . . Trustee have authority to negotiate any client fee arrangements or . . . settlements on behalf of the [Firm].

Thus, Stewart continued to control the Firm until his death.

Unbeknownst to the Trustee, the creditors (including those with liens on assets of the Firm), the United States trustee, the court or even his own lawyer, Stewart was funding his own and his family's expenses by stealing from his clients' funds that were on deposit in the Firm's

---

[2] 11 U.S.C. §§ 101 et. seq.

MEMORANDUM OPINION – Page 2

trust account.

The PWCP was among the victims of Stewart's crimes. The PWCP is a fund established by certain governmental units to provide compensation to employees injured at work. To the extent an employee compensated by the PWCP later recovers damages from a third party, the PWCP is entitled, as appropriate, to recoup payments it made to the employee from that employee's recovery. In connection with an injury to one Donna Shearer, a client of the Firm, the PWCP became entitled to $73,457.18, a portion of a recovery of $116,988.35, which was transmitted by a third party insurer in October of 2006 to the Firm in the form of a check payable to Ms. Shearer, Stewart and the PWCP.

Having induced the PWCP to indorse the check, Stewart deposited it in the Firm's trust account and thereafter prior to his death drew from the trust account the funds and expended them for his and his family's benefit.[3]

## II. Discussion

The PWCP argues that its claim for the funds stolen by Stewart is entitled to cost of administration priority by reason of the established law that torts committed by an estate representative in administration of a bankruptcy estate must be accorded the same priority status as expenses of conduct of a debtor's business. *See Reading Co. v. Brown*, 391 U.S. 471, 485 (1968); *In re Al Copeland Enter.*, 991 F.2d 238, 240 (5th Cir. 1993); *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 388-92 (5th Cir. 2001); 4 COLLIER ON BANKRUPTCY ¶ 503.06[3][c] (15th ed. rev. 2000); 2 NORTON BANKRUPTCY AND PRACTICE 2d § 42:24 (2006). *See* 11 U.S.C. §§ 323,

---

[3] Sometimes Stewart drew funds from the trust account directly, and sometimes he first deposited them in the Firm's operating account and then disbursed them to himself or in satisfaction of expenses of the Firm.

1106 (2008). The Trustee counters that, following his appointment, he, not Stewart, was representative of the estate. The Trustee also argues that the PWCP's claim should be asserted against the Firm.

The court agrees with the Trustee. The Firm was a separate entity, the assets of which – including the trust account – were not subject to the Trustee's administration. *See Litzler v. Sholdra (In re Sholdra),* 270 B.R. 64 (Bankr. N.D. Tex. 2001). In his thefts, Stewart was acting as an employee of the Firm, not as a representative of the estate administered by the Trustee. There is no evidence before the court that any funds due to the PWCP ever found their way into the estate administered by the Trustee, and there certainly is no evidence that Stewart was acting on behalf of the Trustee when he stole client funds.

The PWCP, however, argues that Stewart treated the Firm as simply another personal resource, a pocket to be emptied at will for his benefit. The PWCP contends Debtor and the Firm are, and have been since prior to the theft of the PWCP's money, alter egos. The PWCP further insists that the order appointing the Trustee, by carving out operation of the Firm from the Trustee's duties, left Debtor as the representative of the estate vis-à-vis the Firm. While innovative and facially appealing, the PWCP's arguments fail.

Turning first to the identity of Debtor with the Firm, the court has made no finding that the two are alter egos and does not have before it sufficient evidence to do so now. Indeed, the cases of Debtor and the Firm are being separately administered by different chapter 7 trustees. Moreover, in this Circuit a claim that an entity is a debtor's alter ego is property of the estate and so within the control of the trustee for the debtor. *See S.I. Acquisition, Inc. v. Eastway Delivery*

*Servs. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1153 (5th Cir. 1987). Neither the Trustee nor the trustee for the Firm has sought a ruling that Debtor and the Firm should be treated as a single entity.

As for the terms of the order directing appointment of a trustee, the court's reason for barring the Trustee from undertaking operations of Stewart's law practice was the legal requirement that a professional corporation be subject to the direction of a properly licensed professional.[4] *See* TEX. REV. CIV. STAT. ANN. art. 1528e (Vernon Supp. 2007). The court did not intend in the order directing appointment to give Debtor the status of an estate representative whose conduct could bind the estate or whose torts could be charged to the estate.

Appellate courts have typically deferred to a judge's interpretation of his own order when its meaning was at issue. *See Kendrick v. Bland*, 931 F.2d 421, 423 (6th Cir. 1991); *In re Casse*, 198 F.3d 327, 333 (2d Cir. 1999). While the Court of Appeals for the Fifth Circuit did not do so in *New Nat'l Gypsum Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum)*, 219 F.3d 478, 484 (5th Cir. 2000), in that case a party had acted in reliance on its reading of the order in question, and so it was appropriate to construe the order objectively. In the case at bar, there is no suggestion (and the court doubts there could be) that the PWCP relied on Debtor's supposed status as an estate representative in its dealings with Debtor. The court, thus, is comfortable in holding that the order directing appointment of a trustee did not leave Debtor in the role of estate representative.

---

[4] The Trustee is a licensed attorney (though his practice is different than was Stewart's), but the order appointment of the Trustee antedated the selection of the Trustee, and, even had the court been prepared to insert a trustee into the conduct of a professional corporation, the court could not have been certain in the case at bar the person selected as trustee would be a licensed attorney.

MEMORANDUM OPINION – Page 5

### III. Conclusion

Because the PWCP's claim arose through Debtor's conduct as an employee of the Firm and did not result from the act of a representative of the estate in this case, it does not fall within the ambit of *Reading*. The Motion must therefore be DENIED.

It is so ORDERED.

# # # END OF ORDER # # #